**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**PATRICK RYAN BRAY,**

    **Plaintiff,**

v.                                                                  Case No: 8:15-cv-2532-T-35CPT

**BANK OF AMERICA CORP. and BANK
OF AMERICA, N.A.,**

    **Defendants.**

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Plaintiff's Motion for Summary Judgment, (Dkt. 114); Defendants' Response in opposition thereto, (Dkt. 126); Plaintiff's Reply, (Dkt. 134); Defendants' Motion for Summary Judgment, (Dkt. 116); Plaintiff's Response in opposition thereto, (Dkt. 121); Defendants' Reply, (Dkt. 127); and Defendants' Motion to Exclude Expert Testimony of Professor Cornelius K. Hurley.[1] (Dkt. 115)   Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Motion for Summary Judgment, (Dkt. 114), **GRANTS** Defendants' Motion for Summary Judgment, (Dkt. 116), and **DENIES AS MOOT** Defendants' Motion to Exclude Expert Testimony of Professor Cornelius K. Hurley. (Dkt. 115)

---

[1] Plaintiff filed no response to Defendants' Motion to Exclude Expert Testimony of Professor Cornelius K. Hurley.

**I.    BACKGROUND**

Plaintiff Patrick Ryan Bray ("Bray") initiated this action against Defendants Bank of America Corp. ("BAC") and Bank of America, N.A. ("BANA") on October 27, 2015.  (Dkt. 1)  On February 26, 2016, Bray filed an Amended Complaint.  (Dkt. 26)  In the Amended Complaint, Bray alleges that BANA committed violations of the Sherman Act, 15 U.S.C. § 1, *et seq.*, the Clayton Act, 15 U.S.C. § 12, *et seq.*, and the Florida Antitrust Act, Fla. Stat. § 542.15, *et seq.*  (Id.)  Bray's antitrust claims are expressly premised on BANA's alleged violation of the Bank Holding Company Act ("BHCA"), 12 U.S.C. § 1972, which prohibits banks from engaging in the "tying" of certain bank services.  (Id.)  Bray alleges that he was damaged by BANA's purported unlawful "tying" arrangement that required Maritz Holdings, Inc. ("Maritz")—which had secured a syndicated loan from BANA and five other lenders—to move its assets, called the General Public Account ("GPA"), to Merrill Lynch.  (Id. at ¶ 59)  Bray had previously managed the GPA through bonds and bond mutual funds; however, he was no longer able to do so after resigning from Merrill Lynch in October 2011 because the GPA remained at Merrill Lynch, an affiliate of BANA, as required by the loan agreement.  (Id. at ¶¶ 20, 30–31, 59, 68)  Thus, Bray contends, the tying arrangement prohibited him from being able to independently manage the GPA.  (Id. at ¶ 59)

This is Bray's third of four legal actions based on the same operative facts in the Complaint.  The Court reincorporates the factual and procedural background in Bray v. Bank of Am., N.A., (Case No. 8:17-cv-75-MSS-AAS ("Bray IV"), Docket No. 38).

Bray moves for summary judgment, arguing that no genuine issue of material facts exists related to BANA's alleged violations, and that BAC, as the parent company of

BANA, sets "all policies and procedures for its subsidiaries to follow." (Dkt. 114 at 26) Bray contends that he is entitled to judgment as a matter of law. Defendants move for summary judgment, contending that Bray's claims are barred by *res judicata* and time-barred by the statute of limitations. (Dkt. 116 at 2) Additionally, Defendants argue that Bray lacks standing to bring his claims, and that, in any case, the claims fail because Bray cannot demonstrate the essential elements of the antitrust tying claims. (Id. at 2–3)

### II. STANDARD OF REVIEW

Summary judgment is appropriate when the movant can show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356). A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1320–1321 (11th Cir. 2006) (citation omitted). The party opposing a motion

for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

"The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." S. Pilot Ins. Co. v. CECS, Inc., 52 F. Supp. 3d 1240, 1242–43 (N.D. Ga. 2014) (citing Am. Bankers Ins. Group v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005)). "Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts." Id. at 1243 (citing United States v. Oakley, 744 F.2d 1553, 1555–56 (11th Cir. 1984)).

### III.  DISCUSSION

#### A.  Bray's claims are barred by *res judicata*

Defendants argue that Bray's claims are barred by *res judicata*, as they are based on the same set of facts as those in Bray v. Bank of Am., N.A., 2014 WL 5783039 (E.D. Mo. Nov. 6, 2014), ("Bray II").  (Dkt. 116)

"The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties."  Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013).   To invoke

*res judicata*, a party must establish that: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the judgment was final and on the merits; (3) both cases involve the same parties or those in privity with them; and (4) 'both cases . . . involve the same causes of action.'" Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296,1306 (11th Cir. 2010) (quoting In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)).

The Court finds that Bray's claims are barred by *res judicata*. First, this Court is a court of competent jurisdiction that rendered a prior judgment of Bray's claims. Second, the Court ruled, in relevant part in Bray IV, that Bray's BHCA claim was barred by the statute of limitations and dismissed the claim with prejudice. (Bray IV, Dkt. 38 at 10, 14) Thus, the judgment was final and on the merits. Third, there is no dispute that Bray and BANA are the same parties that were involved in Bray IV. (Id.; Dkt. 22) Although Bray added BAC as a defendant in the instant litigation, there is no dispute that BAC is in privity with BANA, as BAC is a parent corporation of BANA. (Dkt. 54 at 9; Dkt. 26 at ¶¶ 23–24) See United States v. Avatar Holdings, Inc., 93-281-CIV-FTM-21, 1995 WL 871260, at *21 (M.D. Fla. Nov. 22, 1995) (finding that claims against parent company were barred by *res judicata* and noting that the plaintiff cannot argue that a parent company is liable for its subsidiary's actions "under a theory of parent control of its subsidiary and, at the same time, assert that although it is a parent corporation, it is not in privity with the subsidiary for the purpose of res judicata.").

Last, Bray's antitrust claims in the instant litigation are expressly premised on BANA's alleged violation of the BHCA, which was asserted in Bray IV. In the Complaint, Bray states that he "brings this action for violations of the Sherman Act, Clayton Act, [and] Florida's Antitrust Law, pursuant to Section 542.15 et seq., of the Florida Statutes, via

5

violations of 106 of the Bank Holding Company Act § 1972." (Dkt. 26 at 1) Bray's new antitrust claims are predicated on the same cause of action that was previously dismissed. The presence of a new legal theory will not preclude the applicability of *res judicata* because the claims in the "new" litigation are based on the same operative facts as Bray IV. Any claims based on the same "nucleus of operative facts," even when different legal theories are asserted, "are barred by *res judicata* because they are considered the same claim or cause of action." De Souza v. JPMorgan Chase Home Lending Div., 608 F. App'x 776, 781 (11th Cir. 2015)[2] (citing Griswold v. Cnty. of Hillsborough, 598 F.3d 1289, 1293 (11th Cir. 2010)).

Moreover, Plaintiff's argument that the subsequent filing of Bray IV bars *res judicata* is unavailing. The filing date of the actions is not determinative of *res judicata*. Rather, when two actions are proceeding simultaneously, the "final judgment in one action preclude[s] further litigation" in another action. Shurick v. Boeing Co., 623 F.3d 1114, 1118 (11th Cir. 2010)[3].

### B.  Bray's claims are time-barred

Defendants also argue that Bray's claims are time-barred. The statute of limitations of Bray's claims under the Sherman Act, the Clayton Act, and Florida's antitrust statute is four years. 15 U.S.C. § 15(b); Fla. Stat. § 542.26. Bray filed this action on October 27, 2015. To be timely, the alleged violations must have occurred on or after October 27, 2011. The statute of limitations began to run for the alleged violations either

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

[3] Because the Court finds that Bray's claims are barred by Bray IV, it need not address Defendants' contention that the claims are barred by Bray II.

in November 2009, when the third amendment to the loan agreement was signed, or at the latest, in March 2010, when the assets were moved to Merrill Lynch. Bray does not dispute that the limitations period initially began to run either in 2009 or in 2010. (Dkt. 34 at 12)

Instead, he claims that the limitations period began anew when he resigned from Merrill Lynch on October 28, 2011. On that same day, Bray alleges that BANA threatened Maritz that it would place the syndicated loan into immediate default if Maritz moved the GPA with Bray. (Dkt. 26 at ¶ 68) Bray alleges that but for the illegal tying of the syndicated loan and the alleged threat, Maritz would have authorized that the GPA move with Bray. (Id.) However, the evidence in the record shows that BANA merely affirmed the provisions of the terms of the loan agreement.[4] (Dkt. 117 at ¶ 43) In an email dated October 28, 2011, BANA employee Stephen Bode ("Bode") wrote to his colleagues that "[t]hese assets cannot move or they will be immediately in default." (Dkt. 116-17 at 2; Dkt. 116-18 at 2) Bode then notified Maritz officials of Bray's departure. (Dkt. 116-19 at 2) Bode also told Maritz officials that he had assured his colleagues that the assets would not move so there would be no default under the credit agreement. (Dkt. 116-19 at 2) There is no evidence in the record that demonstrates, or even

---

[4] Maritz was the majority shareholder of American Express Incentive Solutions ("AEIS") and had requested that the lenders permit it to acquire the minority shares of AEIS. (Dkt. 116 at 4) The lenders required additional collateral for the purchase of the AEIS shares, and in 2009, the loan agreement was amended. (Id.; Dkt. 26 at ¶ 30). Provision 7.16 of the loan agreement states:

> Within forty-five (45) days after the date AEIS becomes a Subsidiary, AEIS shall open, maintain and otherwise have all investment accounts that contain bond mutual funds at Bank of America (or its Affiliates) and shall have entered into a control agreement with, or have agreed to other arrangements granting "control" (within the meaning of Article 9 of the applicable Uniform Commercial Code) to, the Administrative Agent, in each case, in form and substance reasonably satisfactory to the Administrative Agent.

(Dkt. 129 at ¶ 10)

suggests, that BANA reconsidered whether it should continue to enforce the loan provision or whether it might grant a modification of the loan agreement such that any purported violation continued or a new overt act occurred.  The mere affirmation of an existing agreement is insufficient to constitute an overt act.  See Z. Techs Corp. v. Lubrizol Corp., 753 F.3d 594, 604 (6th Cir. 2014) (affirming the dismissal of a Sherman Act claim based on a statute of limitations violation, noting that "the implementation of the [contractual] clause, which was originally entered into at the time of the [contract], does not constitute a 'new and independent' act" and that reaffirmations of existing policy are not overt acts).

Moreover, Bray makes a conclusory allegation that "[c]ertainly if the terms imposed by Defendants through Section 7.16 of the Loan [were] illegal in 2009, Section 7.16 would still be illegal on October 28, 2011," when Bray resigned from Merrill Lynch.  (Dkt. 121 at 17; Dkt. 26 at ¶ 68)  As stated above, the party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers, 770 F.2d at 986 ("[C]onclusory allegations without specific supporting facts have no probative value.").  Again, mere reaffirmations of existing policy are not overt acts sufficient to trigger a new limitations period.

Bray does not assert any facts to support an exception to the statute of limitations, such as a continuing violation or an overt act that occurred on or after October 27, 2011.  Therefore, Bray's claims, which were brought on October 27, 2015, were not filed within four years of the alleged injury.  As such, even if the claims were not barred by *res judicata*, they would be time-barred.  Defendants are also entitled to summary judgment on this basis.

Because the Court GRANTS Defendants' motion for summary judgment finding that Bray's claims are barred by *res judicata,* Bray's motion for summary judgment is **DENIED AS MOOT.**

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion for Summary Judgment, (Dkt. 116), is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, (Dkt. 114), is **DENIED AS MOOT**.

3. Defendants' Motion to Exclude Expert Testimony of Professor Cornelius K. Hurley, (Dkt. 115), is **DENIED AS MOOT**.

4. The Clerk is directed to enter **FINAL JUDGMENT** in favor of Defendants.

5. After entry of final judgment, the Clerk shall terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of August, 2018.

*[Signature]*
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person